IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOAQUIN DIAZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 5:22-cv-00004 |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| Defendant. | § | **JURY DEMANDED** |

## DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Home Depot U.S.A., Inc. ("Home Depot"), and files this its Notice of Removal on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 *et. seq.*, 28 U.S.C. § 1441 *et. seq.*, and 28 U.S.C. § 1446 *et. seq.*, and would respectfully show the Court as follows:

1.      Home Depot is the Defendant in a civil action pending in the 45th Judicial District Court of Bexar County, Texas entitled *Joaquin Diaz v. David Alan Taylor and Home Depot U.S.A., Inc*; Cause No. 2021-CI-17974 (hereinafter referred to as the "State Court Action"). An Index of State Documents Filed with the Notice of Removal is attached hereto as **Exhibit A,** and true and correct copies of all process, pleadings, and orders served upon Home Depot in the State Court Action are attached hereto as **Exhibit B,** as required by 28 U.S.C. § 1446(a).

2.      The State Court Action was filed on August 30, 2021.  Home Depot was not named as a defendant in Plaintiff's Original Petition: the only defendant named was David Alan Taylor, who is a Texas citizen. Thus, Mr. Taylor had no basis upon which to invoke federal diversity jurisdiction and the case remained pending in state court.

3.      On December 2, 2021, Plaintiff filed his First Amended Petition. Home Depot was served with the First Amended Petition on December 8, 2021.  In his First Amended Petition, Plaintiff alleged that on September 13, 2020, he had gone to the Home Depot store on Camby Street in San Antonio to shop for plants that were located in a covered greenhouse area located with the garden center of the store, when he encountered vapors produced by the spill onto the greenhouse floor of a muriatic acid product that had been merchandised for sale in the greenhouse. The First Amended Petition does not allege that Mr. Taylor or any employee of Home Depot caused the spill, and does not specifically allege that it was caused by any Home Depot employee (see paragraph 4.6 of the First Amended Petition). It merely alleges that Home Depot knew or should have known about it before it was encountered by Plaintiff, and that it was negligence for there to have been no warnings given to Plaintiff about its presence before he encountered it.

4.      As against Mr. Taylor, the First Amended Petition alleges that "As Mr. Diaz was walking into one of the covered greenhouse areas…David Alan Taylor, walked at them frantically….[and] ran away to presumably get help." It further alleges that it "is believed that Mr. Taylor was speeding away to get help or report the spill." Finally, it alleges that "Taylor, an employee of Home Depot, was near or at the scene of the muriatic acid spill, when Plaintiff entered the area of the spill. At all relevant times, Defendant Taylor was in the course and scope of his employment with Home Depot. As is evidenced by the post-injury actions, Mr. Taylor has a responsibility for the area and/or the chemical involved by virtue of his employment with Home Depot. Mr. Taylor understood the risk associated with the spill as evidenced by his frantic attitude and immediate return to clean the spill with warning signs." Plaintiff alleges that Home Depot and Mr. Taylor are liable to Plaintiff for chemical inhalation injuries that he sustained as a result of their failure to warn him of the spill or keep him away from it.  Plaintiff's First Amended Petition stated that he is seeking monetary relief

over $1,000,000.00.  *See* **Exhibit B-2**, section III, ¶ 3.1.   Thus, it is facially apparent from Plaintiff's

First Amended Petition that Plaintiff is seeking damages in excess of $75,000, such that the amount

in controversy requirement for diversity jurisdiction is satisfied.

5.      This Notice of Removal is timely filed by Home Depot within thirty (30) days of

service upon it of the first pleading or other paper from which it could be determined that the amount

in controversy is in excess of $75,000, exclusive of costs.  *See* 28 U.S.C. § 1446(b).

## DIVERSITY OF CITIZENSHIP

6.      Plaintiff Joaquin Diaz is a citizen of the State of Texas.

7.      Home Depot is and was at the time of the alleged incident and the filing of this lawsuit,

a corporation incorporated under the laws of the State of Delaware with its principal place of business

in Atlanta, Georgia.  Home Depot is thus a citizen of the States of Delaware and Georgia.

8.      Consequently, Plaintiff and Home Depot are now, and were at the time this action

commenced, diverse in citizenship from each other.

## IMPROPER JOINDER

9.      Defendant Taylor is a citizen of Texas.  However, Plaintiff improperly joined Taylor

as a defendant solely to defeat diversity jurisdiction, as there is absolutely no possibility that Plaintiff

will be able to establish a cause of action against Taylor in state court.  *Burden v. General Dynamics

Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).

10.     To establish improper joinder, the removing party must prove: "(1) actual fraud in the

pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the

non-diverse party in state court."  *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v.

State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999).  Home Depot alleges that Taylor was improperly

joined under the second method.  Under that method, the test for improper joinder "is whether the

---

defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In resolving this issue, the court may pierce the pleadings and consider summary judgment-type evidence in those cases in which the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder[.]" *Id.*

11.     Taylor is not alleged to have been a premises owner or occupier of the Home Depot store at the time the cause of action accrued or at the time of removal, or at any time. Moreover, Plaintiff does not allege that Taylor caused the muriatic acid to be spilled on the floor. Instead, Plaintiff only makes the allegation that by virtue of Plaintiff having seen Taylor run by the area where the spill was, after the spill had already occurred, Taylor must have realized that the spill had occurred, and breached a responsibility that he had as a Home Depot employee to stop running, and tell the Plaintiff that the spill was there and needed to be avoided. *See* **Exhibit B-2**, section IV, ¶ 4.1 and 4.2 and *See* **Exhibit B-2**, section V, ¶ 5.1-5.5.

12.     But these allegations, even if true, provide no basis for the assertion of any cognizable claims against Taylor. Plaintiff has not even alleged that Taylor owed him an independent duty—separate and apart from any duty imposed upon Home Depot—to warn Plaintiff that the spill had occurred.

13.     The Texas Supreme Court has held that individual liability on the part of an employee "only arises when the officer or agent owes an *independent duty* of reasonable care to the injured party apart from the employer's duty." *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996) (emphasis added). Additionally, the Texas Supreme Court has held that, in a premises liability case, individual

employees are not liable for negligence when they do not breach any separate duty to the plaintiff. *Tri. v. J.T.T.*, 162 S.W.3d 552 (Tex. 2005). These holdings have also been applied to the removal of premises liability cases to federal district court. *See e.g., Gonzalez v. Wal-Mart Stores*, 2010 WL 1417748 (W.D. Tex. March 31, 2010); *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 131 (Tex. 2018); *Palmer v. Wal-Mart Stores, Inc.,* 65 F. Supp. 2d 564 (S.D. Tex. 1999); and *Koger v. Wal-Mart Stores Texas, LLC*, the plaintiff sued the store manager of Wal-Mart.  No. 1:09-CV-125-C, 2009 WL 10703186 (N.D. Tex. Sept. 22, 2009. In *Gonzalez*, the plaintiff sued a retailer and its manager in state court, alleging a premises liability claim. The retailer removed, arguing that the manager was improperly joined, and the plaintiff filed a motion to remand. The Court held that the manager, as a Wal-Mart employee, did not owe a customer, such as the plaintiff, a duty of reasonable care independent from the duty Wal-Mart owed, and denied the motion to remand. *Id*. at *2.  In *Palmer*, plaintiff asserted claims against the store manager of a Sam's Club, but there were no allegations that the manager owed any ***independent*** duty of reasonable care, apart from that which his employer owed any store patron. *Id*. There were no allegations that the store manager committed any intentional torts or the like against the plaintiff. *Id*. On the contrary, the plaintiff merely claimed that the store manager was negligent in allowing a premises defect to exist in the Sam's Club store. Hence, the Court held that "Plaintiff simply alleges that [the store manager] is liable for some action plainly committed **within the course and scope of his employment** as a Sam's Club manager. In light of the controlling *Leitch* precedent, the joinder of Mr. Ainsworth for purposes of defeating diversity jurisdiction borders on being sanctionable." *Id*. at 567 (emphasis added).

14.     Similarly, in *Koger v. Wal-Mart Stores Texas, LLC*, the plaintiff sued the store manager of Wal-Mart.  No. 1:09-CV-125-C, 2009 WL 10703186 (N.D. Tex. Sept. 22, 2009).  The question was whether the store manager might reasonably have owed plaintiff a duty of care

independent from Wal-Mart's. *Id.* In holding that the store manager was improperly joined, the Court stated that "if Shoemate were not the store manager, he would not have owed Koger any duty of care to warn of or correct hazards on Wal-Mart's premises. Accordingly, the duty was solely Wal-Mart's, and any breaches by its employees only constitute breaches by Wal-Mart acting through its agents." *Id.* at *1. S*ee also McKinney v. Home Depot U.S.A., Inc.*, 2006 WL 2947324 (N.D. Tex. Oct. 13, 2006).

15.     Plaintiff has explicitly alleged that Taylor was working in the course and scope of his employment in committing the acts/omissions upon which the negligence claims against him are based, and Home Depot does not dispute that Taylor was working in the course and scope of his employment at any relevant time. Consequently, without conceding that Plaintiff has stated a cognizable claim against Home Depot based on the mere allegation that Taylor ran by an area where a spill had occurred (and, therefore must have known about it and the danger it presented, such that he was on his way to find a way to get it cleaned up right away) would be liable for Taylor's alleged conduct.

16.     And, aside from Plaintiff's factual allegations against Taylor being conclusory, Plaintiff's First Amended Petition repeatedly admits that any duty owed by Taylor to Plaintiff was a duty owed by virtue of a duty arising out of his status as a Home Depot employee acting within the course and scope of his employment. Therefore, Taylor cannot be individually liable to Plaintiff based upon a negligence theory, and there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against Taylor. In sum, Taylor is an improperly joined party to this case.

17.     Because removal is premised on improper joinder, the individual defendant need not consent to removal, and his citizenship is disregarded when determining diversity jurisdiction.

18.     Under 28 U.S.C. § 1446(a), venue of the removed action is proper in this Court as it

is the district and division embracing the place where the State Court Action is pending.

19.    Pursuant to 28 U.S.C. § 1446(d), Home Depot will promptly give written notice of the filing of this notice of removal to Plaintiff and will further file a copy of this Notice of Removal with the District Clerk of Bexar County, Texas, where the action was previously pending.

20.    **Jury Demand** – Home Depot hereby requests trial by jury on all issues and claims in this action.

WHEREFORE, Home Depot U.S.A., Inc. hereby removes the case pending in the 45th Judicial District Court of Bexar County, Texas entitled *Joaquin Diaz v. David Alan Taylor and Home Depot U.S.A., Inc*; Cause No. 2021-CI-17974, and respectfully requests that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court including, but not limited to, issuing any orders necessary to stay proceedings in the State Court Action.

Respectfully submitted,


By:    /s/  Arthur K. Smith
         Arthur K. Smith
         Attorney-in-Charge
         State Bar No. 18534100

         LAW OFFICES OF ARTHUR K. SMITH,
         a Professional Corporation
         507 Prestige Circle
         Allen, Texas  75002
         Telephone:  (469) 519-2500
         Facsimile:  (469) 519-2555
         asmith@aksmithlaw.com

ATTORNEY FOR DEFENDANT
HOME DEPOT U.S.A., INC.

## <u>CERTIFICATE OF SERVICE</u>

On this the 4th day of January, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

*/s/  Arthur K. Smith*
Arthur K. Smith
