FILED
8/30/2021 4:30 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Krystal Torres

CAUSE NO. _____ **2021CI17974**

| | | |
|---|---|---|
| JOAQUIN DIAZ | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | BEXAR COUNTY, TEXAS |
| | § | Bexar County - 45th District Court |
| DAVID ALAN TAYLOR | § | |
| *Defendant.* | § | ____ JUDICIAL DISTRICT |

---

## PLAINTIFF'S ORIGINAL PETITION

---

COMES NOW, Plaintiff Joaquin Diaz, (hereinafter referred to as "Plaintiff" or "Mr. Diaz," complaining of Defendant David Alan Taylor (hereinafter referred to as "Defendant" or "Mr. Taylor") and would respectfully show the Court as follows:

## I.
### DISCOVERY TRACK

1.1    Plaintiff pleads that this case should be assigned to Discovery Track Three pursuant to Rule 190.4 of the Texas Rules of Civil Procedure and will seek an agreed Order or other Court Order to this effect.

## II.
### PARTIES

2.1    Plaintiff, Joaquin Diaz, was at all times relevant to this lawsuit an individual citizen and resident of Leakey, Texas.

---

*Plaintiff's Original Petition*                                                                      1

Exhibit B-2

2.2     Defendant, Mr. Taylor, is an individual citizen and resident of Bexar County, Texas.  Defendant may be served at 6727 Spring Forest St., San Antonio, Texas or wherever he may be found. **Citation hereby requested.**

### III.
### JURISDICTION AND VENUE

3.1     The amount in controversy far exceeds the minimal jurisdictional limits of this Court and damages exceed $1,000,000.

3.2     Venue in this case is proper in Bexar County, Texas, pursuant to Texas Civil Practice and Remedies Code §15.002(a)(1) because it is the County in which all or a substantial part of the events or omissions giving rise to the claim occurred.

3.3     Plaintiff expressly disavows any claims are being made pursuant to federal law, treaties, or constitution. Although the amount in controversy exceeds $75,000, there is a lack of complete diversity because Plaintiff and Defendant are both citizens of Texas. Further, Defendant is a citizen of the State in which this action is brought. Therefore, any removal, or consent to removal, of this case to federal court would be improper.

### IV.
### GENERAL ALLEGATIONS OF FACTS

4.1     On September 13, 2020, Plaintiff, Mr. Diaz, and his father had gone to Home Depot on Camby Street in San Antonio to shop. Specifically,

they were going to buy some plants in the Garden Center. The Garden Center is separated from the main Home Depot by sliding glass doors. Within the Garden Center, certain portions were covered like greenhouses. As Mr. Diaz was walking into one of the covered greenhouse areas, a Home Depot employee, David Alan Taylor, walked at them frantically. The Home Depot employee had to jump over a pallet to avoid hitting Mr. Diaz and his father. Mr. Diaz and his father continued to walk forward while watching Mr. Taylor run away to presumably get help. As Mr. Diaz turned around to proceed into the covered structure, he was overcome by fumes of a muriatic acid (also known as hydrochloric acid) spill.

4.2    The path Mr. Taylor took past Plaintiff would have necessarily required him to travel through or from the muriatic acid spill. It is believed Mr. Taylor was speeding to get help or report the spill. Mr. Taylor immediately returned to the spill after Mr. Diaz was injured to erect warning barriers and begin the process of cleaning the spill with cardboard at first and then some sort of sawdust material.

4.3    Plaintiff was exposed to the muriatic acid and suffered serious inhalation injuries as a result of the exposure.

4.4    Hydrochloric acid is a very dangerous chemical. The Environmental Protection Agency, in part, says as much, "Hydrochloric acid is corrosive to the eyes, skin, and mucous membranes. Acute (short-term)

inhalation exposure may cause eye, nose, and respiratory tract irritation and inflammation and pulmonary edema in humans. Acute oral exposure may cause corrosion of the mucous membranes, esophagus, and stomach and dermal contact may produce severe burns, ulceration, and scarring in humans. Chronic (long-term) occupational exposure to hydrochloric acid has been reported to cause gastritis, chronic bronchitis, dermatitis, and photosensitization in workers. Prolonged exposure to low concentrations may also cause dental discoloration and erosion." In fact, Home Depot's own packaging of the chemical spilled (and manufactured by a Home Depot subsidiary) had large health warnings on the box as illustrated below.



4.5     Defendant, David Taylor, an employee of Home Depot, was near or at the scene of the muriatic acid spill when Plaintiff entered the area of the spill. As is evidenced by his post-injury actions, Mr. Taylor had a responsibility for the area and/or the chemical involved. Mr. Taylor understood the risk associated with the spill as evidenced by his frantic attitude and immediate return to clean the spill with warning signs. Regardless of the danger in front of Mr. Diaz, and known by Mr. Taylor, Taylor failed to warn Mr. Diaz of the danger or restrict the area to keep others from the danger.

4.6     Defendant failed to reasonably place an appropriate warning or signal and walked directly past the Plaintiff without warning of the known and impending danger ahead. Whether or not Mr. Taylor created the actual spill, he created the condition where a muriatic acid spill still releasing vapors was unguarded, unwarned, and within one of the most traversed walkways within the store. There was nothing stopping Mr. Taylor from verbally warning customers such as Mr. Diaz of the dangerous condition ahead to ensure nobody would walk directly into a cloud of poison gas.

4.7     As a result of this incident, Plaintiff has suffered significant and permanent injuries.

## CLAIMS FOR RELIEF
## V.
### NEGLIGENCE

5.1     Defendant committed actions of omission and commission, which constitutes negligence. That negligence proximately caused the incident in question and Plaintiff's injury and damages.

5.2      Defendant owed Plaintiff a duty to exercise ordinary care. Defendant's acts or omissions of negligence include, without limitation, one or more of the following:

> a) Failing to use ordinary care in protecting others from peril when the peril is under their control and created by their omission;

b) Failing to use ordinary care in taking affirmative action to control or avoid increasing the danger of exposure to muriatic acid that has been created by their conduct;

c) Failing to exercise reasonable care to avoid a foreseeable risk of injury to others;

d) Failing to exercise reasonable care in performing services for another; and

e) Failing to use reasonable care under the circumstances.

5.3    Defendant committed actions of omission and commission, which constitutes negligence. That negligence proximately caused the incident in question and Plaintiff's injury and damages.

5.4    Further, Defendant owed Plaintiff a a high degree of care as a handler of a poison and breached that duty in more or one of the following ways:

a) Failing to use a high degree care in protecting others from a peril created by his inaction and commensurate with the danger involved;

b) Failing to use a high degree of care in taking affirmative action to control or avoid increasing the danger of exposure to muriatic acid that has been created by their conduct; and

    c)  Failing to exercise a high degree of care to avoid a foreseeable risk of injury to others; and

    d)  Failing to use a high degree care commensurate with the danger involved.

5.5    Defendant's actions, omissions, and commissions proximately caused the occurrence in question and the severe injuries suffered by Plaintiff, Joaquin Diaz.

## VI.
### COMPENSATORY DAMAGES

6.1    As a result of the incident Plaintiff suffered in the past and will likely suffer in the future the following:

    a)  Reasonable and necessary medical care and expenses in the past;

    b)  Reasonable and necessary medical care and expenses that will, in reasonable probability, be incurred in the future;

    c)  Physical pain and suffering in the past;

    d)  Physical pain and suffering that will, in reasonable probability, be incurred in the future;

    e)  Physical impairment in the past;

    f)  Physical impairment that will, in reasonable probability, be suffered in the future;

    g)  Mental anguish in the past;

h) Mental anguish that will, in reasonable probability, be suffered in the future;

i) Loss of wage-earning capacity in the past; and

j) Loss of wage-earning capacity that will, in reasonable probability, be incurred in the future.

## VII.
### PREJUDGMENT AND POST-JUDGMENT INTEREST

7.1    Plaintiff seeks prejudgment and post-judgment interest at the maximum legal rate.

## XIII.
### CONDITIONS PRECEDENT

8.1    All conditions precedent to Plaintiff's right to recover and Defendant's liability have been performed or have occurred.

## IX.
### JURY DEMAND

9.1    Plaintiff requests a trial by jury and hereby tenders the applicable fee.

## X.
### RESERVATION OF RIGHTS

10.1   Plaintiff reserves the right to prove the amount of damages at trial.  Plaintiff reserves the right to amend this petition and add additional counts and/or parties as discovery continues.

---

## XI.
### CONCLUSION AND PRAYER

11.1    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, that this cause be set for trial before a jury, and that Plaintiff recover judgement of and from Defendant for his actual damages, in such an amount as the evidence shows and the jury determines to be proper, together with prejudgment interest and post-judgement interest, cost of suit, and such other and further relief to which Plaintiff may show himself to be justly entitled.

Dated this 30th day of August 2021.

Respectfully submitted,

**HILL LAW FIRM**

By:

**Justin A. Hill**
State Bar No. 24057902
445 Recoleta Road
San Antonio, Texas 78216
Phone: (210) 960-3939
Fax: (844) 404-4455
Email: justin@jahlawfirm.com

**ATTORNEY FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Marisa Segovia on behalf of Justin Hill
Bar No. 24057902
marisa@jahlawfirm.com
Envelope ID: 56795009
Status as of 8/31/2021 8:47 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| HLF Service | | service@jahlawfirm.com | 8/30/2021 4:30:18 PM | SENT |