IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOAQUIN DIAZ, *Plaintiff* | § § § § § § § § § | SA-22-CV-00004-XR |
| -vs- | | |
| HOME DEPOT U.S.A., INC., DAVID ALAN TAYLOR, *Defendants* | | |

## ORDER

On this date, the Court considered Plaintiff's motion for remand (ECF No. 7), Defendant Home Depot U.S.A., Inc.'s response (ECF No. 8), and Plaintiff's reply (ECF No. 9). After careful consideration, Plaintiff's motion for remand is **DENIED.**

### BACKGROUND

This case arises out of injuries Plaintiff Joaquin Diaz allegedly suffered on September 13, 2020, after being exposed to hydrochloric acid fumes at a Home Depot store in San Antonio, Texas. ECF No. 1-7 at 4. Plaintiff alleges that he and his father were entering a covered greenhouse area in the Garden Center when a Home Depot employee, Defendant David Alan Taylor walked toward them "frantically," jumped over a garden pallet to avoid hitting them, and then ran past them. ECF No. 1-7 at 4. Plaintiff proceeded into the covered structure and was overcome by fumes from a hydrochloric acid spill. *Id.* Taylor immediately returned to the spill to erect warning barriers and begin cleaning up the spill. *Id.* Plaintiff alleges that he has suffered significant and permanent injuries as a result of Defendants' failure to warn him about the spill. *Id.* at 7.

Plaintiff filed an original petition against Taylor only in state court on August 30, 2021, asserting that Taylor was individually liable to Diaz for failing to warn him of the dangerous condition after undertaking to clean up the hydrochloric acid. ECF No. 1-3 at 1, 6. On December

2, 2021, Plaintiff filed his first amended petition, asserting additional claims against Defendant Home Depot U.S.A. ("Home Depot")—Taylor's employer and the store owner—for negligence, vicarious liability, and premises liability. ECF No. 1-7 at 1.

On January 4, 2022, Home Depot timely removed the case to this Court on the basis of diversity jurisdiction. Home Depot asserts that this Court has jurisdiction under 28 U.S.C. §1332 because the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between the parties. ECF No. 1 at 3. Home Depot is a citizen of Delaware and Georgia. Although both Plaintiff and Defendant Taylor appear to be citizens of Texas, Home Depot contends that there is complete diversity because the non-diverse defendant, Taylor, was improperly joined. *Id.* Specifically, Home Depot asserts that, based on the allegations in the amended petition, "any duty owed by Taylor to Plaintiff was a duty owed by virtue of a duty arising out of his status as a Home Depot employee acting within the course and scope of his employment." ECF No. 1 at 6. In other words, Taylor did not owe Plaintiff a duty of reasonable care independent of the duty Home Depot owes to its customers. Plaintiff now moves to remand this case to state court, asserting that Taylor was properly joined because he is independently liable to Diaz. ECF No. 7 at 2–3.

## DISCUSSION

I.  **Legal Standards**

   A.  **Improper Joinder**

A defendant may remove an action to federal court where the matter in controversy exceeds $75,000 and is between "citizens of different states." 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(a). Diversity jurisdiction typically requires "complete diversity" between all plaintiffs and all defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v.*

2

*Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute is strictly construed in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). The court must evaluate the removing party's right to remove "according to the plaintiffs' pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of removal.").

A removing party can establish federal jurisdiction based on 28 U.S.C. § 1332 by demonstrating that an in-state defendant has been "improperly joined." *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, a removing party must show an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003). A plaintiff cannot establish a cause of action against an in-state defendant if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. However, in some cases a plaintiff may state a claim, but misstate or omit discrete facts that would determine the propriety of joinder; in such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573. The burden is on the removing party, and the burden of demonstrating improper joinder is a heavy one. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011).

3

B.        Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.,* 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (quotation marks and citations omitted).

In a Rule 12(b)(6) analysis, all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

**II.     Analysis**

The parties primarily dispute whether Taylor can be held individually liable for failing to warn Plaintiff of the spilled hydrochloric acid. Texas law clearly holds that corporate employees may be held personally liable for their negligent conduct committed within the scope of employment. *See Land v. Wal-Mart Stores of Texas, LLC*, No. SA-14-CV-009-XR, 2014 WL 585408, at *3 (W.D. Tex. Feb. 13, 2014) ("[E]mployees are not somehow immunized for their own torts if they were acting within the scope of their employment."); *see also Alexander v. Lincare, Inc.*, No. CIV A 3:07-CV-1137-D, 2007 WL 4178592, at *3 (N.D. Tex. Nov. 27, 2007) (collecting Texas cases).

Relying on the Texas Supreme Court's decision in *Leitch v. Horsby* and its progeny, however, Home Depot argues that Taylor may only be held liable individually if he owed Plaintiff a duty of care independent of Home Depot's duty as the owner of the premises. *See* ECF No. 1 at 4 (citing *Leitch*, 935 S.W.2d 114, 117 (Tex. 1996)); ECF No. 8 at 6. In *Leitch*, the court held that an employer's corporate officers could not be held individually liable for their refusal to provide requested safety equipment because they did not owe a duty to the plaintiff separate and apart from the employer's duty to use ordinary care in providing a safe workplace. *Leitch*, 935 S.W.2d at 117. In contrast, the court noted that employees who operate motor vehicles in the scope of their employment may be held individually liable "[b]ecause the agent owes a duty of reasonable care to the general public regardless of whether the auto accident occurs while driving for the

employer." *Id.* Thus, "individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Id.*

In *Tri v. J.T.T.*, the Texas Supreme Court extended *Leitch* to premises liability cases. 162 S.W.3d 552 (Tex. 2005). Still, "[a]s some courts have recognized, the holding in *Tri* 'did not definitively establish that in every instance employees owe no independent duty of care while acting within the scope of their employment.'" *Rios v. Cooper Tire & Rubber Co.*, No. 1:13-CV-433, 2015 WL 12762259, at *5 (E.D. Tex. Apr. 30, 2015) (quoting *Bell v. Wal-Mart*, No. 4:11-CV-576, 2011 WL 5022815, at *3 (N.D. Tex. Oct. 18, 2011)). Indeed, it is a long-standing rule in Texas that "a corporate agent is personally liable for his own fraudulent or tortious acts." *Miller v. Keyser*, 90 S.W.3d 712, 717 (Tex. 2002). Thus, Home Depot cannot rely solely on Plaintiff's allegation that Taylor was acting within the scope of his employment when the tort occurred to establish improper joinder. Instead, the Court must assess whether Taylor owed an independent duty based on the factual allegations in the Amended Petition.

An employee may face individual liability where he "directs or participates in a tortious act during his employment" or "personally creates a dangerous situation that causes injury." *In re Butt*, 495 S.W.3d 455, 466 (Tex. App.—Corpus Christi-Edinburg 2016, orig. proceeding). Numerous federal district courts have applied *Leitch* and *Tri* to find improper joinder when a corporate defendant is joined with a store manager. *See, e.g.*, *Solis v. Wal–Mart Stores E., L.P.*, 617 F. Supp. 2d 476, 480 (S.D. Tex. 2008) (store manager with no personal involvement in creating dangerous condition owed no separate legal duty). Courts have declined to dismiss employee-defendants as improperly joined, however, where they were alleged to have created the hazardous condition that caused the plaintiff's injuries. *See, e.g.*, *Land*, 2014 WL 585408, at *3 (declining to

6

dismiss claims against employee who created a dangerously wet floor by negligently operating a commercial floor cleaning machine).

While the amended petition does not allege that Taylor caused the spill, ECF No. 1-7, Plaintiff argues that the claims against Taylor survive under a "negligent undertaking" theory. *See* ECF No. 7 at 3–5. Specifically, he asserts that because Taylor gratuitously undertook to clean up the spill, he owed an independent duty to exercise reasonable care in doing so. *Id.* While Texas law generally imposes no duty to take action to prevent harm, Texas courts "have recognized that a duty to use reasonable care may arise when a person undertakes to provide services to another, either gratuitously or for compensation." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837 (Tex. 2000) (citing *Fort Bend Cnty. Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 396 (Tex. 1991)). This recognition relies in part on Restatement (Second) of Torts § 323 (1965), which states that "[o]ne who undertakes, gratuitously or for consideration, to render services to another . . . is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if . . . his failure to exercise such care increases the risk of such harm, or ... the harm is suffered because of other's reliance upon the undertaking." *Id.*

In deciding the duty element of a negligent undertaking theory, courts must ask whether a defendant acted in a way that requires the imposition of a duty where one otherwise would not exist, *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013) (per curiam), considering "several interrelated factors, including the risk, foreseeability, and likelihood of injury weighed against the social utility of the defendant's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant." *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990).

The district court recognized such a duty in *Richardson v. Wal-Mart Stores Texas, LLC*, 192 F. Supp. 3d 719 (S.D. Tex. 2016). There, the plaintiff alleged that a Wal-Mart employee breached an independent duty of care when she found a spilled bottle of shampoo on the floor and removed the bottle but failed to properly clean up the spill or mark off the area, "leaving the spill more difficult to identify and more dangerous than before." *Id.* at 721. The court determined that the plaintiff stated a plausible claim for negligent undertaking because the employee was "personally involved in the conduct that allegedly contributed to Richardson's injury." *Id.* at 723.

In *Kopczynski v. Wal-Mart Stores Texas, LP*, another slip-and-fall action, the district court concluded that a store greeter, Cochran, did not owe an independent duty where:

> (1) Cochran haphazardly placed warning signs out in an attempt to warn customers that the floor was wet; (2) despite being aware of the risk of a patron falling, seeing at least five prior falls before Plaintiff's fall, and witnessing a fall minutes before Plaintiff's fall, Cochran allowed the floor to remain wet; (3) Cochran removed or allowed the removal of the remaining warning signs so they were entirely out of view of anyone entering the Store; and that (4) Cochran took a wet mop and applied additional water to the already wet and dangerously slick floor mere moments before Plaintiff entered the store.

No. CIV.A. H-10-4507, 2011 WL 902237, *3–6 (S.D. Tex. Mar. 14, 2011) (alteration marks and quotation marks omitted). Declining to dismiss the claims against the employee for negligently operating a floor cleaning machine in *Land*, this Court distinguished *Kopczynski* on the basis the store greeter's alleged negligence did not create the dangerous condition which caused the injury. *See Land*, 2014 WL 585408, at *3.

Plaintiff's amended complaint alleges the following facts in support of his negligent undertaking cause of action against Taylor individually:

1. As Plaintiff was walking into the Garden Center, Taylor "frantically" moved past him, jumping over a pallet as he went by;

8

2. As he continued past Taylor into the Garden Center, Plaintiff was overcome by fumes from the spilled acid; and

3. Taylor then quickly returned to clean up and erect warning signs around the spilled acid.

*See* ECF No. 1-7 at 7. ("Whether or not Defendants created the actual spill, they created the condition where a muriatic acid spill was still releasing vapors while unguarded, unwarned, and within one of the most traversed walkways within the store."). Plaintiff asserts that these factual allegations demonstrate that Taylor created the dangerous condition that resulted in Plaintiff's injuries and thus that Taylor owed Plaintiff an independent duty of care. The Court disagrees.

The amended complaint does not allege any facts reasonably supporting the inference that Taylor committed any act resulting in the spill or otherwise creating the hazardous condition or making it more dangerous. *See Richardson*, 192 F. Supp. 3d at 721 (removing shampoo but leaving area unclean/unmarked); *Land*, 2014 WL 585408, at 1 (actively creating wet floor while operating cleaning machine). At most, Plaintiff's alleged facts suggest that Taylor undertook to clean up the spill *after* Plaintiff was injured. *See In re Butt*, 495 S.W.3d at 466 (directing or participating in the tort may create individual liability). Plaintiff does not explain how these alleged facts, taken as true, could create an independent duty under Texas law. A conclusory allegation that Taylor participated in the creation of the dangerous condition, without facts reasonably supporting that conclusion, is insufficient to survive a Rule 12(b)(6) motion. *See Iqbal*, 556 U.S. at 678; *see also Phillips*, 401 F.3d at 642. Accordingly, this Court finds that there is no reasonable basis to predict that Plaintiff might recover against defendant Taylor based on a negligent undertaking cause of action under Texas law. *See Smallwood*, 385 F.3d at 573.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion for remand (ECF No. 7) is **DENIED**. The Court concludes that Taylor was improperly joined. Accordingly, the Court will disregard his citizenship and exercise subject matter jurisdiction over the remaining defendant, Home Depot. All claims against Defendant Taylor are hereby **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

SIGNED this 30th day of March, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE